UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK McCARTHY,

       Plaintiff,                                    CASE NO. 11-15651
                                                             HON. LAWRENCE P. ZATKOFF

v.

CORBIN R. DAVIS, ROBERT P. YOUNG, JR.,
MICHAEL F. CAVANAGH, MARILYN KELLY,
STEPHEN J. MARKMAN, DIANE M. HATHAWAY,
MARY BETH KELLY, BRIAN K. ZAHARA[sic],
and MICHIGAN SUPREME COURT,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 3rd day of May, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss (Docket #2). *Pro se* Plaintiff filed a timely response to the motion. The time for Defendants to file a reply has expired. The Court finds that the facts and legal arguments pertinent to the motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Defendants' motion is GRANTED, and Plaintiff's cause of action is DISMISSED WITH PREJUDICE.

## II. BACKGROUND

The present lawsuit, like one filed three months earlier in this Court (Case No. 11-13889), stems from events that began in 2006, when Plaintiff, proceeding in *pro per* (as he is now), filed a case in Oakland County against various defendants, including the Michigan Department of Human Services (the "DHS Case"). The DHS Case was assigned to the Honorable Edward Sosnick. After a period of discovery, Defendants filed motions for summary disposition that were granted by Judge Sosnick. In 2008, Plaintiff filed two lawsuits (the "2008 Lawsuits") based upon the substantive allegations in the DHS Case and the subsequent dismissal of the DHS Case by Judge Sosnick. After the entire Oakland County Circuit Court bench disqualified itself from the proceedings, the Honorable Diane Druzinski from the Macomb County Circuit Court was assigned to preside over the 2008 Lawsuits. Judge Druzinski granted the defendants' motions to dismiss and awarded sanctions against Plaintiff.

Plaintiff has since filed more than a dozen appeals to the Michigan Court of Appeals relating to the 2008 Lawsuits. Ultimately, the surviving appeals were consolidated and oral argument was heard by a panel of the Michigan Court of Appeals on September 8, 2011. On September 22, 2011, the Michigan Court of Appeals issued a decision affirming Judge Druzinski's dismissal of the 2008 Lawsuits and the sanctions awards. Plaintiff also has filed multiple appeals with the Michigan Supreme Court, including an application for leave to appeal the September 22, 2011, decision by the Michigan Court of Appeals.

On September 7, 2011, Plaintiff filed Case No. 11-13889 in this Court against the following individuals: (a) Michigan Court of Appeals Judge Deborah A. Servitto, (b) Michigan Supreme Court

Justices Marilyn Kelly, Michael F. Cavanagh, Robert P. Young, Jr., Stephen J. Markman and Diane M. Hathaway, and (c) former Michigan Supreme Court Justices Maura D. Corrigan and Alton Thomas Davis. Plaintiff sued each of them for events that occurred while he or she served as an appellate court judge in the State of Michigan. Specifically, Plaintiff alleged that the defendants in Case No. 11-13889 violated his federal constitutional rights to: (1) due process; (2) freedom of speech; (3) equal access to Court; and (4) equal protection. On October 28, 2011, after declining to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court held that Plaintiff's federal claims in Case No. 11-13889 were barred by judicial immunity and dismissed Case No. 11-13889, with prejudice.

In the present action, filed on December 29, 2011, Plaintiff alleges the following federal claims:

| | | |
|---|---|---|
| Count I | 42 U.S.C. § 1983 Due Process/Substantive Due Process Violations |
| Count II | 42 U.S.C. § 1983 Equal Protection Violations |
| Count III | 42 U.S.C. § 1983 Equal Access to the Court Violations |
| Count IV | 42 U.S.C. § 1983 Freedom of Speech Violations |
| Count V | 42 U.S.C. § 1983 Right to Petition for Redress of Grievances Violations |
| Count VI | 42 U.S.C. § 1985(2) Obstructing Justice; Intimidating Party Violations |
| Count VII | 42 U.S.C. § 1985(3) Depriving Persons of Rights or Privileges Violations |
| Count VIII | 42 U.S.C. § 1986 Neglect to Prevent Violations |

Plaintiff also set forth two state law claims (Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress), both of which the Court dismissed without prejudice after declining to exercise supplemental jurisdiction.

Plaintiff's claims in the instant case arise out of alleged actions taken by (or the inaction of) Defendant Corbin Davis (a Clerk of the Michigan Supreme Court) and the remaining individual Defendants (all of whom are Michigan Supreme Court Justices) with respect to Plaintiff's appeal of the September 22, 2011, decision rendered by the Michigan Court of Appeals. Specifically, Plaintiff alleges that the individual Defendants failed to file a court pleading (his Reply Brief), despite their "express knowledge" of his pleading. In addition, Plaintiff claims that the Michigan Supreme Court itself is vicariously liable for the individual Defendants' alleged transgressions.

Defendants now move the Court to dismiss Plaintiff's cause of action based upon judicial immunity, quasi-judicial immunity, Eleventh Amendment immunity, and the *Rooker-Feldman* doctrine.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 696-97 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

**A.     Defendants who are Michigan Supreme Court Justices**

The law is well-settled that judges are entitled to absolute judicial immunity from suit on claims for damages arising out of actions in their judicial capacity. *See, e.g., Mireles v. Waco,* 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if he or she acted erroneously, corruptly or in excess of jurisdiction). *See also Collyer v. Darling,* 98 F.3d 211, 221 (6th Cir. 1996).[1] Likewise, 42 U.S.C. § 1983 provides

---

[1] In addition, as Defendants argue, a judge is absolutely immune from tort liability if he or she was acting within the scope of his or her judicial authority. *See* M.C.L. § 691.1407(5), which states that:

> A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority.

Thus, any tort claim against the Supreme Court Justice Defendants is also barred by statutory governmental immunity.

5

that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, <u>injunctive relief shall not be granted</u> unless a declaratory decree was violated or declaratory relief was unavailable." In this case, there are no allegations that a declaratory decree was violated or declaratory relief was unavailable. As set forth in *Mireles*,

> [W]hether an act by a judge is a "judicial" one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge his judicial capacity.

*Id.* at 12 (citations and internal quotations omitted).

In this action, all of Plaintiff's allegations against the Michigan Supreme Court Justice Defendants center on actions or omissions of the Justices conducted in their judicial capacities. As noted above, Plaintiff's claims against the Michigan Supreme Court Justice Defendants stem from their alleged knowledge of Plaintiff's Reply Brief and their alleged refusal to require Defendant Corbin Davis to file the Reply Brief. Thus, the alleged actions or omissions of the Michigan Supreme Court Justice Defendants are indisputably "function[s] normally performed by a judge, and to the expectations of the parties[.]" *Id.* Accordingly, the Court holds that Plaintiff has failed to state a claim upon which relief can be granted as to the Michigan Supreme Court Defendants.[2]

**B.     Defendant Corbin Davis**

---

[2] The Court also notes that, for purposes of deciding Defendants' motion to dismiss, it is irrelevant that Plaintiff has alleged that Defendants' rulings and actions and/or that Defendants' motives for issuing those orders were improper. Any allegations of misconduct clearly taken in the scope of the Defendants' judicial capacity, including "allegations of bad faith[,] malice" or corruption, are insufficient to overcome judicial immunity. *See Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), and *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982)).

Absolute judicial immunity has been extended to non-judicial officers who perform quasi-judicial functions. *Bush v. Ranch,* 38 F.3d 842, 847 (6th Cir. 1994). Quasi-judicial functions are tasks so integral or intertwined with the judicial process that the person performing the tasks is considered an arm of the judicial officer who is immune. *Id.* Because the filing of documents by a Clerk of the Michigan Supreme Court is an integral part of the judicial process, that clerk is entitled to absolute immunity for his alleged refusal to file pleadings.[3] *See Jonaitis v. Morrison,* 2008 WL 151252, at *3 (W.D. Mich. 2008) (citing *Carlton v. Baird*, 72 F. App'x 367 (6th Cir. 2003) (state-court clerk's office employees were entitled to absolute quasi-judicial immunity from § 1983 suit arising out of their refusal to file a complaint that plaintiff tendered due to his failure to pay a complete filing fee) (citing *Johnson v. Turner*, 125 F.3d 324, 332 (6th Cir. 1997)); *Mwonyonyi v. Gieszl*, No. 89-5495, 895 F.2d 1414, 1990 WL 10713 (6th Cir. Feb. 9, 1990) (deputy clerk of county district court was entitled to absolute quasi-judicial immunity from damages on claim that he refused to file a document submitted by the plaintiff); *Rodman v. Dalton*, No. 89-3011, 886 F.2d 1316, 1989 WL 113898 (6th Cir. Oct. 2, 1989) (state court judge, clerk, and prosecutor were entitled to quasi-judicial immunity from damages for allegedly failing to file plaintiff's proposed criminal complaint and affidavit); *Jones v. Mossing*, No. 84-1778, 791 F.2d 933, 1986 WL 16812 (6th Cir. Apr. 25, 1986) (state-court clerk was entitled to quasi-judicial immunity from damages on claim that he and the judge violated plaintiff's First and Fourteenth Amendment rights to due process, equal protection

---

[3]Additionally, "there is no constitutional requirement that a State provide an appeal process. If a State chooses to provide a right to appeal it may do so "upon such terms as in its wisdom may be deemed proper…Moreover, the violation of a state procedural rule is not actionable in a §1983 suit, which provides a remedy only for violations of federal law." *Gilleylen v. Davis,* 2005 WL 2899469, at *3 n.1 (W.D. Mich. 2005) (internal citations omitted).

under the law, and access to the courts by refusing to file and acknowledge receipt of two civil complaints that plaintiff had mailed to the court ten months earlier).

As Plaintiff's allegations against Defendant Corbin Davis stem from Defendant Corbin Davis' alleged refusal, while acting in his capacity as the Michigan Supreme Court Clerk, to file Plaintiff's Reply Brief in a state court action, the Court concludes that Defendant Corbin Davis is entitled to absolute quasi-judicial immunity with respect to performing (or failing to perform) that function. Therefore, the Court holds that Plaintiff has failed to state a claim upon which relief could be granted as to Defendant Corbin Davis.

**C.      The Michigan Supreme Court**

Plaintiff's claims against Defendant Michigan State Supreme Court are barred by the Eleventh Amendment. The United States Constitution, Amendment XI, provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

The Eleventh Amendment to the United States Constitution prevents a state (including its agencies) from being sued in federal court without its consent. *Alabama v. Pugh*, 438 U.S. 781 (1978). In order to assert Eleventh Amendment immunity, a state agency must show that it is an "arm of the state" based on the following factors: (1) the state's potential liability for a judgment against the entity; (2) the language by which state statutes and state courts refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government. *Pucci v. 19th District Court, et al.,* 628 F.3d 752 (6th Cir. 2010).

8

Various federal courts, including the Sixth Circuit Court of Appeals, have already considered the application of Eleventh Amendment immunity to Michigan state courts. These federal courts have determined that Michigan's courts are arms of the state and thus entitled to Eleventh Amendment immunity. *See e.g., Pucci,* 628 F.3d at 760-764 (6th Cir. 2010) (finding that the Michigan Constitution vests the state judicial power in one court of justice under the control of the Michigan Supreme Court so that a district court is afforded Eleventh Amendment immunity as an arm of the State just as the Michigan Supreme Court would be); *Borghese v. Autman*, Case No. 09-cv-51, 2009 WL 3498798 at *1 (W.D. Mich. Oct. 26, 2009). Furthermore, like the State of Michigan, the Michigan Supreme Court is not a "person" subject to suit under 42 U.S.C. § 1983. Therefore, it cannot be sued under §1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989).[4]

As the Michigan State Supreme Court did not consent to this suit, all claims against it are barred by the Eleventh Amendment. Therefore, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted with respect to Defendant Michigan Supreme Court.

---

[4] Plaintiff seems to indicate several times throughout his complaint that the individual Defendants are only being sued in their individual capacities, however, all of the allegations relate to matters undertaken in their official capacities. Therefore, to the extent that any of the allegations against the individual Defendants could be construed as being asserted against them in their official capacities, those claims are also barred by Eleventh Amendment immunity. *Smith v. State, Dep't of Public Health*, 428 Mich. 540 (1987), *reh. denied*, 429 Mich. 1207 (1987).

**D.	Sanctions**

Defendants ask the Court to sanction Plaintiff for repeatedly filing frivolous lawsuits, as this was the third lawsuit Plaintiff filed against Michigan Supreme Court Justices in a four-month period.[5] Defendants suggest that the "only way to stop the Plaintiff from his repeated attempts to harass these Defendants is for this Court to sanction his behavior by ordering that his lawsuits be pre-screened and/or by ordering monetary sanctions."

The Court agrees that Plaintiff's frivolous lawsuits against judicial officers create an unwarranted burden and cost to the defendant judicial officers, specifically, and to the courts, generally. At this juncture, however, the Court will not impose monetary sanctions on Plaintiff, who has proceeded in *pro per* in each of the three cases brought against current and/or former Justices of the Supreme Court, nor will the Court require pre-screening of any lawsuit filed by Plaintiff. If Plaintiff files any additional meritless lawsuit(s) against current or former members of the Michigan Supreme Court (or any other court) based on actions or omissions of judicial officers while acting in their judicial capacity, however, the Court shall impose sanctions against Plaintiff. Such sanctions may include, but are not limited to:

(A)	The imposition of monetary sanctions against Plaintiff, in an amount equal to, at a minimum, the reasonable costs to defend such suit(s), and/or

(B)	The entry of an order requiring that all lawsuits filed by Plaintiff in this Court be pre-screened.

---

[5]In addition to this case and Case No. 11-13889, Plaintiff filed a third case against all of the Defendants in this case and another individual (Inger Z. Meyer, another Clerk at the Michigan Supreme Court) in December 2011. *See* Case No. 11-15381. Case No. 11-15381was assigned to–and has been dismissed by–U.S. District Judge Avern Cohn.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (Docket #2) is GRANTED, and

2. Plaintiff's cause of action is DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

                    S/Lawrence P. Zatkoff
                    LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

Dated: May 3, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 3, 2012.

                    S/Marie E. Verlinde
                    Case Manager
                    (810) 984-3290