UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK McCARTHY,

        Plaintiff,

v.

CORBIN R. DAVIS, ROBERT P. YOUNG, JR.,
MICHAEL F. CAVANAGH, MARILYN KELLY,
STEPHEN J. MARKMAN, DIANE M. HATHAWAY,
MARY BETH KELLY, BRIAN K. ZAHARA[sic],
and MICHIGAN SUPREME COURT,

        Defendants.

_____/

CASE NO. 11-15651
HON. LAWRENCE P. ZATKOFF

OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on the 22nd day of October, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

I. INTRODUCTION

This matter is before the Court on Plaintiff's timely-filed "Motion for Reconsideration and

Motion to Disqualify Judge Lawrence P. Zatkoff for Prejudice and Bias Against Plaintiff" (Docket

#16). Plaintiff seeks reconsideration of the Court's Opinion and Order dated May 3, 2012, wherein

the Court granted Defendants' motion to dismiss Plaintiff's cause of action based on: (1) absolute

judicial immunity (as to the Defendant Michigan Supreme Court Justices), (2) absolute quasi-

judicial immunity (as to Defendant Davis), and (3) immunity pursuant to the Eleventh Amendment

to the United States Constitution (as to Defendant Michigan Supreme Court). In his Motion for

Reconsideration, Plaintiff does not challenge the Court's ruling regarding Defendant Michigan

Supreme Court. Local Rule 7.1(h)(2) of the Eastern District of Michigan's Local Rules provides

that no response to a motion for reconsideration is permitted unless ordered by the Court. In this

case, the Court concludes that no response is necessary with respect to any part of Plaintiff's filing.

The Court further concludes that the facts and legal arguments are adequately set forth in the brief

submitted. Therefore, finding that the determination of the Motion(s) will not be aided by oral

argument, and pursuant to E.D. Mich. L.R. 7.1(f)(2), this Court ORDERS that the Motion(s) be

decided upon the brief submitted, without this Court entertaining oral arguments. For the reasons

that follow, Plaintiff's Motion(s) are DENIED.

## II.  ANALYSIS

### A.      Motion for Reconsideration

In order to obtain reconsideration of a particular matter, the party bringing the motion for

reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been

misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the

case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*,

358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865,

866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

"[T]he court will not grant motions for rehearing or reconsideration that merely present the same

issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR

7.1(h)(3).

The Court hereby denies Plaintiff's Motion for Reconsideration. In essence, Plaintiff's

Motion for Reconsideration: (a) reiterates the same facts and arguments he set forth when opposing

Defendants' motion to dismiss, and (b) asks the Court to revisit the same issues expressly ruled upon

by the Court in deciding Defendant's motion to dismiss.  The only arguably new arguments set forth

in the Motion for Reconsideration are: (1) Plaintiff's conclusory allegations that Defendant "stole

Plaintiff's absolutely privileged judicial pleadings served upon them by both U.S. Mail and in

person," and (2) Plaintiff's suggestion that the undersigned is prejudiced and biased against Plaintiff

and should be disqualified pursuant to 28 U.S.C. §§ 144 and 455 because the undersigned is

conspiring with Defendants to deprive Plaintiff of his constitutional rights, *i.e.*, Plaintiff now alleges

that the undersigned is participating in the same orchestrated acts against Plaintiff as Plaintiff has

alleged Defendants have in the past.

The Court finds that Plaintiff's filings and arguments are not sufficient to cause the

undersigned to reinstate Plaintiff's cause of action.  First, Plaintiff's allegations that Defendants stole

Plaintiff's "absolutely privileged judicial pleadings" are not supported by any allegations that give

any factual context as to how, when, where or why Defendants "stole" his pleadings.  Second, as

discussed in Section IV.B. below, Plaintiff fails to allege how the undersigned "conspired" with

Defendants or had any bias or prejudice toward Plaintiff that is relevant under the applicable laws.

Accordingly, and for the reasons stated above, the Court concludes that there was no

palpable defect upon which the Court or the parties were misled; therefore, the Court denies

Plaintiff's motion for reconsideration.

**B.      Motion to Disqualify**

Plaintiff also moves to disqualify the undersigned "for prejudice and bias against Plaintiff

and for his friends and fellow corrupt and dishonest court employees and judges [*i.e.*, Defendants]

under 28 U.S.C. §144 and §445."  First, to force a judge to recuse himself under Section 144, a

litigant must submit, along with his motion, an affidavit stating "the facts and the reasons for [his]

belief that bias or prejudice exists." 28 U.S.C. § 144. Upon the filing of a "timely and sufficient affidavit," Section 144 mandates that the assigned "judge shall proceed no further, but another judge shall be assigned to hear such proceeding." *Id.*; *see also Bhd. of Locomotive Firemen and Enginemen v. Bangor & Aroostook R.R. Co.*, 380 F.2d 570, 576 (D.C. Cir. 1967) ("The disqualification statute, 28 U.S.C. § 144, is mandatory and automatic, requiring only a timely and sufficient affidavit alleging personal bias or prejudice of the judge."). "Importantly, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification." *Robertson v. Cartinhour*, 691 F. Supp. 2d 65, 77 (D.D.C. 2010); *see also United States v. Miller*, 355 F. Supp. 2d 404, 405 (D.D.C. 2005) ("disqualification is not automatic upon submission of affidavit and certificate"). Rather, recusal is required *only* upon the filing of a "timely and sufficient affidavit" alleging personal bias or prejudice of the judge. 28 U.S.C. § 144.  In this case, Plaintiff has not filed an affidavit that set forth "the facts and the reasons for [his] belief that bias or prejudice [of the undersigned] exists."  Instead, Plaintiff's affidavit simply restates what he believes Defendants did wrong and contends that the undersigned is now a part of the conspiracy to deprive Plaintiff of his rights.  Plaintiff does not identify in his affidavit any reason for bias or prejudice by the undersigned. As such, the Court finds that the affidavit is not sufficient to disqualify the undersigned.

Second, Section 455(a) provides, in pertinent part, that a federal judge "shall disqualify himself in any proceeding where his impartiality might reasonably questioned."  Importantly, the law is well-established that adverse *judicial* decisions can form the basis for recusal only in the most extraordinary circumstances. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Grinnell Corp.*, 384 U.S. 563 (1966).  In his motion to disqualify the undersigned, Plaintiff has

offered conclusory allegations of improprieties by the undersigned, but Plaintiff has submitted absolutely no evidence of alleged bias by the undersigned against Plaintiff.

Third, as set forth in the May 3, 2012, Opinion and Order, the law is clearly established that Defendants were entitled to immunity for the actions that served as the basis for Plaintiff's Complaint.  As such, the Court concludes that a reasonable, objective person would not question: (a) the Court's dismissal of Plaintiff's cause of action, or (b) the undersigned's impartiality in this matter.

In addition, the Court finds that Plaintiff has offered no evidence to support his theory that this Court issued a ruling based on any improper or extrinsic purpose - or that the Court's ruling on the Defendant's motion to dismiss was based on anything other than an impartial application of clearly established law.  In other words, none of the arguments or evidence proffered by Plaintiff would result in a different disposition of his cause of action.  Therefore, the Court denies Plaintiff's motion to disqualify the undersigned.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's filing titled "Motion for Reconsideration and Motion to Disqualify Judge Lawrence P. Zatkoff for Prejudice and Bias Against Plaintiff" (Docket #16), including all motions and relief requested therein, is DENIED.  Therefore, this matter remains closed in this Court.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
Dated: October 22, 2012                    UNITED STATES DISTRICT JUDGE

5